DOUGLASS vs. THE STATE.

*Instructions to Jury.*

1. In an action under the statute to charge defendant as the father of a bastard child, the court instructed the jury, in substance, that in regard to minor matters, about which the testimony was conflicting, the prosecutrix might be mistaken, but as to the main fact about which she had testified — viz.: the fact of defendant's having had connection with her on a certain occasion, — she could not be mistaken, but had either told the truth or committed willful perjury.   *Held*, no error.
2. Mere failure to instruct the jury, in such a case, as fully and specifically upon some points as would have been proper, *held* not ground of reversal, where no instructions were asked on the omitted points, and no exception taken except to an instruction which was not erroneous.

ERROR to the Circuit Court for *Rock* County.

This was an action under the statute to charge defendant as the father of a bastard child.   The only evidence for the state was that of the complaining witness, who testified that defendant had connection with her on a certain day at his father's house,

no other person being present in the house, and that she became pregnant of the child in question by reason of that connection. She also testified, on her direct and cross examination, to a great variety of facts and circumstances, incidental to the main fact, and not in themselves material, as to which the testimony of defendant's witnesses very positively contradicted her.

An exception was taken to the following words in the charge of the court: "The prosecutrix may fairly be supposed, perhaps, without imputing to her any misstatement — she may fairly be presumed, perhaps, innocently to be mistaken in regard to minor matters. She may fairly be presumed, perhaps, to be mistaken in reference to the position of beds; whether there was a chair in the room; whether the door was locked or bolted, or whether neither the one nor the other. But she cannot be mistaken as to the main fact charged here."

After the words above recited, the court added: "The fact is as she has testified, or she has committed willful, outright perjury in this case; there is no escape from it. In the same way, it may be said of the defendant that he may be mistaken innocently in regard to minor particulars not bearing upon the great fact with which you have to do, but he cannot be mistaken as to whether he did upon that day have connection with this little girl. So, then, you are to judge of his testimony in the same way. He has either sworn to that which is absolutely false, which makes it absolute perjury on his part, or else what he says is true. It is impossible to reconcile the testimony of the prosecutrix and the defendant. It is for you, taking their statements and the other statements that have been made in connection with this matter, to determine which of them has committed perjury, or, more properly, what the fact is in reference to this charge."

Verdict of guilty. A motion for a new trial, for error in the charge, was denied; and judgment was rendered upon the verdict; to reverse which a writ of error was sued out.

The cause was submitted for the plaintiff in error on the

brief of *H. A. Patterson*. He argued that it was for the
jury, and not for the court, to determine, in view of all the
evidence, whether the prosecuting witness could fairly be pre-
sumed to be innocently mistaken upon the various "minor
points" upon which her testimony had been so fully contra-
dicted, or whether her misstatements on those points were
such as to destroy the credibility of her whole testimony; that
the very object of admitting the evidence upon those ques-
tions was to enable the jury to judge of the credibility of the
witness; that the natural inference for the jury to have drawn
from the proved untruthfulness of so many of the witness's
positive statements was, that she was unworthy of belief in
respect to the main charge; and that this natural effect was
destroyed by the expression of opinion by the court to the
effect that she might be presumed to be innocently mistaken
upon those points.

*H. W. Chynoweth*, Assistant Attorney General, for the
state.

Cole, J. When the whole charge of the circuit court is con-
sidered, we do not think it fairly open to objection, or that it
could have possibly misled the jury to the prejudice of the de-
fendant. In that portion of the charge to which exception is
taken, we understand the court as saying, in substance, that in
regard to minor matters about which the testimony was con-
flicting, such as the position of the beds, whether there was a
chair in the room, or whether the door was locked or bolted,
the prosecutrix might be mistaken, but that as to the main
fact about which she had testified, she had either told the truth
or committed willful, downright perjury. In other words, as
to the carnal intercourse, her testimony was to be believed or
wholly discredited, since it was impossible that she could be
mistaken as to that fact. Indeed, the credibility of her state-
ments seems to have been fairly submitted to the jury, to de-
termine whether they were true or false. So in regard to the

testimony of the defendant, the jury were told that he might be mistaken in regard to minor particulars, but that he could not be mistaken as to whether or not he did, on the day named, have connection with the complaining witness. The testimony of the prosecutrix and of the defendant in regard to the principal fact was in direct conflict, and could not be reconciled on the supposition that either was mistaken or failed in recollection. They were the only persons who could speak from actual personal knowledge as to the *factum probandum*, and the jury had to decide upon the relative value and credibility of their statements. And the jury were plainly told that they must take these statements and the statements which had been made by the other witnesses in connection with the matter, and determine which of the parties had told the truth, and what the fact was in reference to the offense charged. On some points the charge was not, perhaps, as full and specific as it might have been; but no instructions were asked on the part of the defendant to supply anything which the court had omitted or failed to call to the attention of the jury. As the only error relied on for a reversal of the judgment is the exception to the charge just referred to, a new trial must be denied.

*By the Court.* — The judgment of the circuit court is affirmed.